IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
DIVISION

**FILED**

FEB 28 2001

| | |
|---|---|
| **JACKIE SYX,** ) | UNITED STATES DISTRICT COURT |
| ) | NORTHERN DISTRICT OF ALABAMA |
| Plaintiff ) | |
| ) | Civil Action No. |
| vs. ) | |
| ) | 98-C-2764-W  **ENTERED** |
| **HARBISON-WALKER REFRACTORIES** ) | |
| **INC., and UNITED STEELWORKERS OF** ) | MAR 1 2001 |
| **AMERICA, LOCAL 531** ) | |
| ) | |
| Defendants ) | |

### MEMORANDUM OPINION ON MOTIONS TO ALTER OR AMEND THE JUDGMENT

The jury returned a Special Verdict in this case. It found that 1) the defendant Harbison-Walker Refractories, Inc. ("Harbison Walker") did not discriminate against the Plaintiff Jackie Syx because of her race when it denied her overtime, 2) Harbison Walker willfully violated the Fair Labor Standards Act ("FSLA") by failing to pay her for overtime work; 3) the Plaintiff is entitled to $10, 378.26 as overtime damages from Harbison Walker, 4) the Defendant United Steelworkers of America, Local 531 ("the Union") breached its duty of fair representation owed to the Plaintiff, 5) the Plaintiff suffered $50,000 in compensatory damages as a result of the Union's breach of its duty, and 6) punitive damages in the amount of $200,000 should be assessed against each of the Defendants. Both of the Defendants timely filed motions to alter or amend the judgment.

I

On the punitive damages issue, the Court will grant the motion.

/04

Most basically, as the Plaintiff correctly points out in her Response to Harbison-Walker's Motion For Judgment As A Matter of Law (Document 85), the Court charged the jury: "... you may award punitive damages if you find that one or the other or both of the defendants intentionally discriminated against the plaintiff because of her race."*Id.,* p. 3. As noted earlier, the jury specifically found that the Plaintiff had not carried her burden of proof of racial discrimination. Thus, the jury was not authorized to grant punitive damages.

Punitive damages will not lie for an employer's violation of the FSLA. The remedy set up by Congress for wilful violations of the FSLA is liquidated damages. In this case, the Court has ordered that the Plaintiff receive from her employer an additional amount equal to her compensatory damages. That is all that Congress has authorized in damages from the employer. The United States Supreme Court has squarely held that punitive damages are not recoverable for a breach of the duty of fair representation. *Electrical Workers v. Foust,* 442 U.S. 42 (1979).

II

The Union argues that there is no evidence from which a reasonable jury could conclude that it breached its duty to fairly represent the Plaintiff.

In the Pretrial Order, it is the Plaintiff's position that the Union filed to process her grievance that she was denied overtime assignments because of her race. Her beef was that Harbison Walker was permitting certain black employees to work those assignments, and she was denied the same. *See* Pretrial Order, p. 17 (Count V -Breach of Duty of Fair Representation); p. 18 (Count VII - Race Discrimination -Title VII - Disparate Treatment). The jury found that Harbison Walker did not discriminate against the Plaintiff because of her race.

A union is not required to process a non-meritorious grievance. *Ford v. Huffman,* [get cite]; *DelCostello v. Int'l Brotherhood of Teamsters,* 462 U.S. 151 (1983); *Foster v. United*

*Steelworkers of America,* 752 F.2d 1533 (11th Cir. 1985). And the jury has determined that whatever the reason for Harbison-Walker's denial of overtime assignments to the Plaintiff, it was not her race. Given the Plaintiff's position in the Pretrial Order, and the jury's finding of no racial discrimination, the jury's finding of breach of the duty of fair representation is unsupported as a matter of law.

However, the evidence does reflect that the Plaintiff worked hours for which she was not paid. It is not at all clear from the evidence that she sought unsuccessfully to grieve that precise issue, but the Court makes that assumption for purpose of passing on the motion to alter or amend the judgment. Even so, the Plaintiff would not be entitled to damages from the Union. This is so because "damages attributable solely to the employer's breach of contract should not be charged to the Union." *Vaca v. Sipes.* 386 U.S. 171,197-198 (1967). The Plaintiff will not only recover the full compensation for her damages arising from Harbison-Walker's violation of the FSLA, she will recover from her employer <u>twice the amount of her actual damages</u>! A plaintiff is entitled to only one recovery for damages flowing from a breach of the duty of fair representation; any other recovery would be purely punitive. *Foust, supra.*

Accordingly, the jury's finding that the Union breached its duty of fair representation must be set aside.

By separate order, the motions to alter or amend the judgment will be granted.

Done this 28th day of February, 2001.

_____
Chief United States District Judge
U.W. Clemon